UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE,<br><br>                Plaintiff,<br>    v.<br><br>MICHAEL ANDERSON et al.,<br><br>                Defendants. | Case No. 2:16-cv-00757-JCM-PAL<br><br>ORDER |

**I.    DISCUSSION**

Plaintiff is a prisoner proceeding *pro se*. Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, an application to proceed *in forma pauperis*, and a motion for an extension of time to file an amended complaint. (ECF Nos. 1, 6, 7). On October 26, 2016, this court issued a screening order dismissing plaintiff's complaint in its entirety with leave to amend. (ECF No. 5 at 5). In that screening order, the court deferred a decision on the application to proceed *in forma pauperis*. (*Id.*). On November 9, 2016, plaintiff filed a motion requesting an extension of time to file his amended complaint. (ECF No. 7). However, since screening the original complaint, the court, on at least three (3) occasions, has dismissed civil actions commenced by plaintiff while in detention as malicious or for failure to state a claim upon which any relief may be granted.[1]

---

[1] *See Tagle v. State of Nevada et al*, 2:15-cv-02083-RCJ-GWF (dismissed for failure to state a claim); *Tagle v. State of Nevada et al*, 2:15-cv-02358-MMD-PAL (dismissed for maliciousness and failure to state a claim); and *Tagle v. State of Nevada et al*, 2:16-cv-00852-JAD-VCF (dismissed for maliciousness and failure to state a claim). The court takes judicial notice of its prior records in the above matters.

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the original complaint, plaintiff sues various prison officials for mail tampering. (*See generally* ECF No. 6). The court finds that these allegations fail to plausibly allege that plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). As such, plaintiff must pre-pay the $400.00 filing fee in full. The court denies plaintiff's motion for an extension of time to file an amended complaint. (ECF No. 7). If plaintiff pre-pays the $400 filing fee in full, he may file an amended complaint.

## II.  CONCLUSION

For the foregoing reasons, it is ordered that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied.

It is further ordered that this action will be dismissed without prejudice unless plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order.

It is further ordered that the clerk of the court shall send plaintiff two copies of this order. Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

It is further ordered that the motion for extension of time to file an amended complaint (ECF No. 7) is denied.

DATED December 1, 2016.

_____
UNITED STATES DISTRICT JUDGE