UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VICTOR TAGLE,<br><br>                    Plaintiff,<br>v.<br><br>MICHAEL ANDERSON, et al.,<br><br>                    Defendants. | Case No. 2:16-cv-00757-JCM-PAL<br><br>**ORDER**<br><br>(Various Mots. – ECF Nos. 41, 49, 51, 54, 56, 58, 64, 66, 70, 72, 76, 77) |

This matter is before the court on plaintiff Victor Tagle's Motion for Early Mediation Conference (ECF No. 41), Motion/Affidavit for Destruction of Records (ECF No. 49), Motion to Demand Discovery and Protection (ECF No. 51), Motion to Obtain Discovery Protection and Transfer to Federal Facilities (ECF No. 54), Motion Request for Issue of Discovery (ECF No. 56), Motion for Discovery (ECF No. 58), Motion to be Removed (ECF No. 64), Motion to Produce Discovery (ECF No. 66), Affidavit/Motion for Discovery (ECF No. 72), Motion for Discovery (ECF No. 76), Motion for Transfer of Facility (ECF No. 77). Also before the court is defendants' Motion for Status Conference (ECF No. 70). These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the motions, defendants' Responses (ECF Nos. 43, 52, 55, 57), and Tagle's Replies (ECF Nos. 45, 61, 62).

**BACKGROUND**

Mr. Tagle is a prisoner formerly in the custody of the Nevada Department of Corrections ("NDOC"). He was transferred to the Saguaro Correctional Center ("Saguaro"), a privately-run facility in Eloy, Arizona, pursuant to the Interstate Compact Agreement between NDOC and the Corrections Corporation of America. This case arises from Tagle's allegations, pursuant to 28 U.S.C. § 1983, that defendants violated his civil rights. Upon review of the Amended Complaint

1

(ECF No. 8), the court determined that it stated four plausible claims: (1) First Amendment mail violation, (2) denial of access to the courts, (3) due process violation for authorized, intentional deprivations of property, and (4) supervisory liability. Screening Order (ECF No. 23).

The court stayed the case for 90 days to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the discovery process. *Id.*; Order Setting Inmate Early Mediation Conference (ECF No. 28). Two NDOC representatives appeared for the mediation on December 22, 2017, but Mr. Tagle did not. Mins. of Proceedings (ECF No. 33). The mediator represented that Tagle refused to leave his cell to participate in the proceedings. *Id.* The mediator considered Tagle's refusal to participate as a forfeiture of the mediation and the mediator stated that Tagle would need to petition the court if he wished to engage in mediation at a later date. *Id.* Since mediation did not occur, the case was returned to the normal litigation track. *Id.*

The court subsequently entered an Order (ECF No. 34) directing electronic service of the amended complaint on the Nevada Office of the Attorney General ("Attorney General") and instructing that a notice be filed with the court indicating the names of the defendants for whom the Attorney General accepts service, and those it does not. On January 25, 2018, the Attorney General accepted service on behalf of defendants Jayson Artinger, Regina Barrett, Rebecca Boyd, Andrew Bulfer, Vance Crowder, Robert Douglas, Antonio Garcia, Terrel Gregory, Jonathan Hester, Salvatore Marino, Dean Ontiveros, Charles Pascascio, Alan Richardson, April Witter, Juan Zelaya, Joseph Dugan, Juan Sotomayor, Joshua Barfield, Julie Matousek, and Dwight Neven (jointly, the "NDOC Defendants"). Notice Acceptance of Service (ECF No. 38).[1] The NDOC Defendants filed their Answer (ECF No. 44) to the amended complaint on March 6, 2018.

On April 13, 2018, the court entered its standard scheduling order for civil rights actions

---

[1] Service was not accepted for defendants Michael Anderson, Howard, David Joseph, Anthony Lepak, Clark Marcy, Paulina Simmons, Smith, Stacey Stark, and Ward. *See* Notice of Sealed Submission of Last Known Address (ECF No. 40); Sealed Submission of Last Known Address (ECF No. 39). The Attorney General also stated it had no record of a current or former employee named (i) "Howard" that is/was a correctional officer at Ely State Prison, (ii) "Smith" that is/was a law library supervisor at Southern Desert Correctional Center, or (iii) "Ward" that is/was a correctional officer at High Desert State Prison. Notice (ECF No. 38). As a result, their last known address information could not be filed with the court. Tagle did not file a motion requesting issuance of a summons to any unserved defendant. *See* Order (ECF No. 34).

2

filed by incarcerated pro se plaintiffs. Scheduling Order (ECF No. 47). Mr. Tagle requested an extension of the discovery deadlines. Mot. Extend Time (ECF No. 68). The court has now granted the motion and extended the deadlines as follows: (a) discovery in this action shall be completed on October 16, 2018; (b) discovery motions shall be filed and served no later than October 30, 2018; (c) motions for summary judgment shall be filed and served no later than November 29, 2018; and (d) the parties shall file a Joint Pretrial Order on or before December 28, 2018.

## **DISCUSSION**

Many of Mr. Tagle's hand-written filings are not sufficiently legible to enable the court to fully understand them. The court will therefore summarize the motions to the best of its ability. The court accepts handwritten pleadings or documents, but they must be neatly written to allow the court and opposing parties to read and understand the content. *See* LR IA 10-1(a)(2) ("Handwriting must be legible…."). Tagle is advised to make sure his filings are written clearly and legibly so that his positions may be fully understood. Any future illegible or unintelligible filings may be stricken from the court's docket without prejudice to resubmitting clear and readable filings. *See* LR IA 10-1(d).

I. **MOTION FOR EARLY MEDIATION CONFERENCE (ECF NO. 41)**

Mr. Tagle's motion asks the court to reschedule the mediation that he claims was canceled due to various abuses and "criminal activity" by employees of Saguaro and the Attorney General. The motion and reply (ECF No. 45) provide Tagle's explanation of the circumstances that caused his absence from the mediation. The NDOC defendants respond that they do not believe Tagle is "willing to actively participate in a meaningful way to settle this case in good faith" based on his refusal to participate in the December 2017 mediation as well as his inflammatory and contentious filings in this case to date. Resp. (ECF No. 43) (citing ECF Nos. 11, 20, 41). The NDOC defendants ask the court to deny Tagle's motion.

In the Order Setting Inmate Early Mediation Conference (ECF No. 28), the court informed the parties that the "purpose of the early mediation conference is to assist the parties in settling the case without the need for any further court action." *Id*. at 3. The parties were advised to take full advantage of the settlement opportunity by making "a good faith effort to settle the case based on

3

1  a fair and reasonable view of the facts and law." *Id.* at 4.

2  Mr. Tagle is no stranger to federal litigation in the District of Nevada. He has filed over 45 cases in this district in the past five years.[2] He has repeatedly accused multiple deputy attorneys general of misconduct and asked the court to sanction them, including the NDOC defendants' current counsel. *E.g.*, Oct. 27, 2016 Order (ECF No. 105) (denying Tagle's motion to remove a "dishonest" deputy attorney general from the case), *Tagle v. State of Nevada et al*, 2:15-cv-00216-JCM-PAL. Tagle's motion does not persuade the court he genuinely wants to try to settle this case. Rather, the motion merely makes additional unsubstantiated allegations against opposing counsel. This case is no longer suitable for what is intended to be **early** inmate mediation. The motion is therefore denied.

**II.  MOTIONS REGARDING DISCOVERY (ECF NOS. 49, 51, 54 56, 58, 66, 72, 76)**

Mr. Tagle's motions make various discovery demands of the NDOC defendants and their counsel. One filing is titled an Affidavit for Destruction of Records (ECF No. 49) accusing defense counsel, Saguaro employees, and the police of conspiracy and forging documents, among other

---

[2] *Tagle v. Hamers et al*, 2:13-cv-00388-MMD-GWF; *Tagle v. Nevada Dep't of Corr.*, 2:14-cv-01204-JAD-GWF; *Tagle v. Dep't of Family Servs. et al*, 2:15-cv-00208-JAD-GWF; *Tagle v. State of Nevada et al*, 2:15-cv-00216-JCM-PAL; *Tagle v. State of Nevada et al*, 2:15-cv-00623-APG-GWF; *Tagle v. Clark County et al*, 2:15-cv-00881-JCM-PAL; *Tagle v. State of Nevada et al*, 2:15-cv-01402-JAD-VCF; *Tagle v. State of Nevada et al*, 2:15-cv-02032-APG-PAL; *Tagle v. State of Nevada et al*, 2:15-cv-02082-JCM-VCF; *Tagle v. State of Nevada et al*, 2:15-cv-02083-RCJ-GWF; *Tagle v. State of Nevada et al*, 2:15-cv-02143-RFB-CWH; *Tagle v. State of Nevada et al*, 2:15-cv-02358-MMD-PAL; *Tagle v. Dep't of Homeland Security*, 2:15-cv-02506-APG-VCF; *Tagle v. Nouheim et al*, 2:16-cv-00709-GMN-NJK; *Tagle v. State of Nevada et al*, 2:16-cv-00755-APG-PAL; *Tagle v. State of Nevada et al*, 2:16-cv-00850-JAD-GWF; *Tagle v. State of Nevada et al*, 2:16-cv-00851-RFB-GWF; *Tagle v. State of Nevada et al*, 2:16-cv-00852-JAD-VCF; *Tagle v. State of Nevada et al*, 3:15-cv-00445-MMD-WGC; *Tagle v. Cal. Trans. et al*, 3:15-cv-00448-MMD-VPC; *Tagle v. State of Nevada et al*, 3:16-cv-00148-MMD-WGC; *Tagle v. State of Nevada et al*, 3:16-cv-00222-RCJ-VPC; *Tagle v. State of Nevada et al*, 3:16-cv-00223-RCJ-VPC; *Tagle v. State of Nevada et al*, 3:16-cv-00489-RCJ-VPC; *Tagle v. State of Nevada et al*, 3:16-cv-00608-MMD-VPC; *Tagle v. Dep't of Homeland Security*, 2:17-cv-02830-RFB-VCF; *Tagle v. Dep't of Homeland Security*, 2:17-cv-02846-JAD-NJK; *Tagle v. U.S. Government et al*, 3:17-cv-00257-RCJ-VPC; *Tagle v. State of Nevada et al*, 3:17-cv-00284-MMD-VPC; *Tagle v. State of Nevada*, 3:17-cv-00372-RCJ-WGC; *Tagle v. State of Nevada*, 3:17-cv-00380-MMD-WGC; *Tagle v. State of Nevada*, 3:17-cv-00497-RCJ-VPC; *Tagle v. U.S. Government et al*, 3:17-cv-00509-MMD-VPC; *Tagle v. State of Nevada et al*, 3:17-cv-00510-MMD-WGC; *Tagle v. State of Nevada et al*, 3:17-cv-00561-MMD-WGC; *Tagle v. Clark County*, 3:17-cv-00676-MMD-VPC; *Tagle v. Core Civic America et al*, 2:18-cv-00544-JAD-NJK; *Tagle v. DHS/ICC Ins*, 2:18-cv-00694-APG-CWH; *Tagle v. State of Nevada et al*, 2:18-cv-00778-JAD-PAL; *Tagle v. State of Nevada et al*, 2:18-cv-00780-JAD-GWF; *Tagle v. Corrections Corp. America et al*, 2:18-cv-00813-JAD-VCF; *Tagle v. State of Nevada*, 2:18-cv-00814-RFB-GWF; *Tagle v. DHS et al*, 2:18-cv-00815-GMN-CWH; *Tagle v. Corrections Corp. America et al*, 2:18-cv-00871-RFB-GWF; *Tagle v. Corrections Corp. America, et al*, 2:18-cv-00872-JAD-PAL; *Tagle v. Corrections Corp. America et al*, 2:18-cv-01031-GMN-VCF.

4

misdeeds. Nothing in the affidavit appears related to the claims or underlying factual allegations at issue in this case. He asks the court to order the destruction of "fake" and "forged" records.

In the Motion to Demand Discovery (ECF No. 51), Tagle generally asks the court to order the NDOC defendants to provide discovery. He provides no points and authorities, case law, statutes, or other legal or factual support for his motion, and instead makes inflammatory and conclusory allegations against Saguaro employees. No written discovery requests or responses involving this case are attached to this motion.[3] Tagle did not include a certification or declaration of good-faith effort to meet and confer before filing this motion.

The Motion to Obtain Discovery Protection (ECF No. 54) alleges more conclusory and unsupported allegations of misconduct against the NDOC defendants, their counsel, and employees of Saguaro and the Attorney General. Tagle claims that defense counsel has "ignored" him and hidden video and audio records. He asks the court to order production of discovery, which was requested in writing on or about April 15, 2018. He has not attached or provided the full text of any written discovery requests, if any, he claims were served on the defendants or any responses to those requests. Tagle did not include a certification or declaration of good-faith effort to meet and confer to resolve his discovery disputes without court intervention before filing this motion.

The Motion/Request for Issue of Discovery (ECF No. 56) appears to be a written discovery request to the NDOC defendants' former counsel. Discovery requests must be served on opposing counsel. They may not be filed with the court. The filing violates LR 26-8, which prohibits written discovery from being filed on the docket unless the court expressly orders the filing.

Mr. Tagle's Motion for Discovery (ECF No. 58), Motion to Produce Discovery (ECF No. 66), and Affidavit/Motion for Discovery (ECF No. 72), appear to ask the court to compel the NDOC defendants to respond to his discovery demands. No written discovery requests or responses are attached to these motions. In addition, the motions do not include points and authorities as required by LR 7-2(a). Furthermore, Tagle did not include a certification or

---

[3] The motion attaches as "Exhibit B" a "Request for Discovery to Defendants et al," which lists several cases in the caption, including 2:18-cv-544, 2:15-cv-2143, and Seventh Judicial District Court Case No. CV-1803034, but not this case, 2:16-cv-00757.

5

declaration of good-faith effort to meet and confer before filing these motions.

In his Motion for Order to Request Discovery (ECF No. 76), Tagle argues he has requested discovery since April 2018 from four different deputy attorneys general, but they "didn't accomplish crap." Instead, one attorney "brought up a bunch of silly exhibits." He asserts that opposing counsel is stalling the case with "games." No written discovery requests or responses are attached to this motion, and Tagle did not include a certification or declaration of good-faith effort to meet and confer before filing the motion.

Parties and their counsel should strive to be cooperative, practical, and sensible during discovery, and should only seek judicial intervention "in extraordinary situations that implicate truly significant interests." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Filing a motion with the court is not the proper procedure for requesting written discovery materials from a party. Once the court enters a scheduling order, the parties are permitted to engage in discovery. *See* Fed. R. Civ. P. 16; LR 16-1(b). Discovery requests must be served *directly on opposing parties*, who then have 30 days to respond. Fed. R. Civ. P. 34. The Local Rules of Civil Practice also state:

> Unless the court orders otherwise, *written discovery, including discovery requests, discovery responses, deposition notices, and deposition transcripts, must not be filed with the court*. Originals of responses to written discovery requests must be served on the party who served the discovery request, and that party must make the originals available at the pretrial hearing, at trial, or when ordered by the court….

LR 26-8 (emphasis added). A motion to compel may only be filed when a timely discovery request has been served, the opposing party has not responded or has inadequately responded, and the moving party has attempted in good faith to resolve any dispute about the adequacy of the discovery responses without the court's intervention. Fed. R. Civ. P. 37(a); LR 26-7.

The Local Rules of Civil Practice state that discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer before filing the motion, and (2) includes a declaration with the details and results of the parties' meet-and-confer conference about each disputed discovery request. LR 26-7(c). The "meet and confer" process requires the parties "to communicate directly and discuss in good faith the issues required under the particular rule or court order." LR IA 1-3(f). The "meet and confer" requirement is reciprocal and applies

6

to all participants. *Id*. Unless the Local Rules or a court order provide otherwise, "this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference." *Id*. The exchange of written, electronic, or voice-mail communications do not satisfy the "meet and confer" requirement. *Id*.

As a general rule, parties with discovery disputes are required to conduct personal, two-way communication to attempt to resolve their disputes without judicial intervention. *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). A personal consultation occurs when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Cardoza*, 141 F. Supp. 3d. at 1145 (citing *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993)). This "meet and confer" obligation promotes an open exchange between litigants "to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *ShuffleMaster*, 170 F.R.D. at 170. To ensure that parties comply with these requirements, Rule 37 requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* LR 26-7(b). Movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170 (citing *Monsanto*, 151 F.R.D. at 120).

Here, Mr. Tagle's discovery motions fail to comply with the Federal Rules of Civil Procedure and the Local Rules. First, Tagle's requests do not follow proper discovery procedures. Motions are not the proper way to obtain discovery. Rather, Tagle must serve his written discovery requests directly on counsel for the NDOC defendants. Second, his motions fail to include the full text of the discovery originally sought and any response to it as required by LR 26-7(b). Third, many of the motions fail to include a memorandum of points and authorities in violation of LR 7-2(a). Fourth, Tagle has not complied with the meet and confer requirement imposed by Rule 37(a) and the Local Rules. Where one of the parties is a prisoner, the court does not require in-person

1 meetings and allows the prisoner and defense counsel to meet and confer by telephone or by
exchanging letters. Although the format of the meet-and-confer process changes, the substantive
requirement remains the same—the parties must engage in a good faith effort to meet and confer
to resolve the dispute before filing a motion to compel seeking court intervention. Tagle has not
complied with the meet-and-confer requirement; therefore, his motions lack merit. For these
reasons, the motions are denied.

### III. MOTIONS REGARDING TRANSFER TO FEDERAL FACILITIES (ECF NOS. 51, 54, 64, 77)

In these motions, Mr. Tagle asks the court for an order directing that he be removed from the Saguaro facility and placed in federal custody. His motions present no legal basis to support the relief he seeks. The court previously explained why it lacks authority to do so in an October 27, 2016 Order (ECF No. 105) denying Tagle's motion to remove him from NDOC's custody and place him in federal custody, *Tagle v. State of Nevada et al*, 2:15-cv-00216-JCM-PAL.[4] The Ninth Circuit has found that inmates in state custody have no right to transfer to federal prison. *E.g.*, *Van Smith v. Franklin*, 286 F. App'x 373, 374 (9th Cir. 2008) (rejecting a California inmate's assertion that he should have been transferred to a federal prison). These motions are denied.

### IV. MOTION FOR STATUS CONFERENCE (ECF NO. 47)

The NDOC defendants ask this court to conduct a status hearing based on Tagle's continued abusive litigation tactics. They argue he continues to file erroneous and misplaced documents. He has repeatedly asked the court for relief to which he is not entitled. Mr. Tagle abuses the legal system and makes outrageous allegations and unreasonable demands, for which are to compliance is virtually impossible. Tagle continues to fail to comply with the Local Rules of Practice and the Federal Rules of Civil Procedure, and other rules. He has bluntly informed

---

[4] Mr. Tagle has also been warned about filing duplicative motions. *E.g.*, Oct. 27, 2016 Order (ECF No. 106), *Tagle v. State of Nevada et al*, 2:15-cv-00216-JCM-PAL; Nov. 3, 2015 Order (ECF No. 63), *Tagle v. Clark County*, 2:15-cv-00881-JCM-PAL. Filing multiple motions requesting the same relief is an abusive litigation tactic that taxes the resources of the court and all of the parties to this lawsuit. Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 439 (9th Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to compel largely duplicated the first) (citing *Townsend v. Holman Consulting Corp.*, 929 F.3d 1358, 1362 (9th Cir. 1990) (en banc)). Tagle is warned that continued motion practice requesting relief that has already been denied or making frivolous, unsupported requests may result in the imposition of sanctions, including dismissal of this case.

defense counsel that he does not have to follow the rules because he is pro se.

The Ninth Circuit has repeatedly held that a pro se litigant must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that "*pro se* litigants are bound by the rules of procedure"). Although *pro se* litigants are generally held to a less stringent standard, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). Furthermore, if a pro se litigant ignores a court order, discovery sanctions may be imposed. *See generally Watkis v. Payless Shoesource*, 174 F.R.D. 113 (M.D. Fla. 1997); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442 (W.D.N.Y. 1997); *Pack v. South Carolina Wildlife & Marine Resources Dep't*, 92 F.R.D. 22 (D.S.C. 1981).

Mr. Tagle is indeed required to follow the rules and may be sanctioned for engaging in abusive litigation practices. Sanctions for litigation misconduct, up to and including dispositive (case ending) sanctions may be imposed. Tagle's filings to date are largely frivolous and demonstrate a disregard for the Federal Rules of Civil Procedure, the Local Rules of Practice, and prior orders of the court. His multiple filings have wasted the resources of the court, the NDOC defendants, and their counsel. Mr. Tagle is therefore explicitly warned that any subsequent motion practice requesting relief that has already been denied or making frivolous, unsupported requests may result in the imposition of sanctions, up to and including a recommendation that this case be dismissed. The court will deny the defendants' motion for status conference. However, to afford defendants' counsel relief from filing responses to Tagle's duplicative and frivolous filings, the court will relieve the defendants from responding to any further motions or filings by Tagle unless and until the court reviews them and finds a response is warranted.

Having reviewed and considered the matters,

**IT IS ORDERED:**

1. Plaintiff Victor Tagle's Motion for Early Mediation Conference (ECF No. 41), Motion/ Affidavit for Destruction of Records (ECF No. 49), Motion to Demand Discovery and Protection (ECF No. 51), Motion to Obtain Discovery Protection and Transfer to

Federal Facilities (ECF No. 54), Motion/Request for Issue of Discovery (ECF No. 56), Motion for Discovery (ECF No. 58), Motion to be Removed (ECF No. 64), Motion to Produce Discovery (ECF No. 66), Affidavit/Motion for Discovery (ECF No. 72), Motion for Discovery (ECF No. 76), Motion for Transfer of Facility (ECF No. 77) are **DENIED**.

2. Defendants' Motion for Status Conference (ECF No. 70) is **DENIED**.
3. Defendants need not respond to any of Mr. Tagle's future filings or motions unless the court directs a response.

Dated this 17th day of August, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE