UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE,<br><br>                Plaintiff,<br>v.<br>MICHAEL ANDERSON, et al.,<br><br>                Defendants. | Case No. 2:16-cv-00757-JCM-PAL<br><br>**ORDER**<br><br>(Mots. – ECF Nos. 85, 116, 118, 120) |

This matter is before the court on plaintiff Victor Tagle's Motion for Issue of Summons (ECF No. 85), Motion for Service of USM 285 and Summons (ECF No. 116), Motion for Entry of Clerks Default (ECF No. 118), Motion for Stamped Summons (ECF No. 120). These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

Mr. Tagle is a prisoner formerly in the custody of the Nevada Department of Corrections ("NDOC"). He was transferred to the Saguaro Correctional Center, a privately-run facility in Eloy, Arizona, pursuant to the Interstate Compact Agreement between NDOC and the Corrections Corporation of America. This case arises from Tagle's allegations, pursuant to 28 U.S.C. § 1983, that defendants violated his civil rights. Upon review of the Amended Complaint (ECF No. 8), the court determined that it stated four plausible claims: (1) First Amendment mail violation, (2) denial of access to the courts, (3) due process violation for authorized, intentional deprivations of property, and (4) supervisory liability. Screening Order (ECF No. 23).

On January 5, 2018, the court entered an Order (ECF No. 34) directing Tagle to serve the amended complaint within 90 days pursuant to Rule 4 of the Federal Rules of Civil Procedure. This gave Tagle a deadline of April 9, 2018, to accomplish service on all defendants. *See* ECF

1

No. 34 at 2, ¶ 5. The order also directed the Clerk of the Court to electronically serve the amended complaint on the Nevada Office of the Attorney General ("Attorney General"). The court instructed the Attorney General to file notice with the court indicating the names of the defendants for whom the Attorney General accepted service, and those it did not. If there were any named defendants for which the Attorney General could not accept service, the court ordered that the last known address(es) of those defendant(s) for whom it has such information be filed under seal, but not served on Tagle. *Id*. The order also instructs:

> If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name <u>and</u> address for the defendant(s).

*Id*. at 2–3, ¶ 7.

The Attorney General subsequently accepted service on behalf of Jayson Artinger, Regina Barrett, Rebecca Boyd, Andrew Bulfer, Vance Crowder, Robert Douglas, Antonio Garcia, Terrel Gregory, Jonathan Hester, Salvatore Marino, Dean Ontiveros, Charles Pascascio, Alan Richardson, April Witter, Juan Zelaya, Joseph Dugan, Juan Sotomayor, Joshua Barfield, Julie Matousek, and Dwight Neven (jointly, the "NDOC defendants"). Notice Acceptance of Service (ECF No. 38). However, service was *not* accepted for Michael Anderson, Howard, David Joseph, Anthony Lepak, Clark Marcy, Paulina Simmons, Smith, Stacey Stark, and Ward. *See* Notice of Sealed Submission of Last Known Address (ECF No. 40); Sealed Submission of Last Known Address (ECF No. 39). The Attorney General further stated it had no record of a current or former employee named (i) "Howard" that is/was a correctional officer at Ely State Prison, (ii) "Smith" that is/was a law library supervisor at Southern Desert Correctional Center, or (iii) "Ward" that is/was a correctional officer at High Desert State Prison. Notice (ECF No. 38). As a result, their last known address information could not be filed with the court.

### **DISCUSSION**

**I.   MR. TAGLE'S MOTIONS REGARDING SUMMONSES (ECF NOS. 85, 116, 120)**

Tagle has filed three motions addressing issuance of summonses for the unserved defendants, each varying slightly. The Motion for Issue of Summons (ECF No. 85) asks the court

2

to issue summonses for the "unrepresented" (*i.e.*, unserved) defendants (i) Anderson, (ii) Howard, (iii) Joseph, (iv) LePak, (v) Marcy, (vi) Simmons, (vii) "Smith," (viii) Stark, and (ix) Ward to "comply with the court's schedule/calendar needs." Tagle also asks for USM-285 forms to request service of process by the U.S. Marshal Service. The Motion for Service of USM 285 and Summons (ECF No. 116) requests issuance of summonses to defendants (i) Anderson, (ii) Joseph, (iii) LePak, (iv) Marcy, (v) Simmons, (vi) Stark, and (vii) "Smith" *as well as three non-parties, Renee Baker, Harold Byrne, and Sergeant Torsky. Id.* at 6–25 (attaching proposed summonses). The NDOC defendants filed a limited non-opposition (ECF No. 117) opposing issuance of summons to the three non-parties. No reply brief was filed. The Motion for Stamped Summons (ECF No. 120) requests summonses to defendants (i) Anderson, (ii) Joseph, (iii) LePak, (iv) Marcy, (v) Simmons, (vi) Stark, (vii) "Smith," (viii) "Howard," and (ix) "Ward" *along with two non-parties, Renee Baker and Harold Byrne. Id.* at 3–35 (attaching proposed summonses and USM-285 forms).

Mr. Tagle did not file a motion requesting issuance of summonses as to any unserved defendant before April 9, 2018. After the court granted Tagle's request for an extension, discovery in this matter closed on October 16, 2018. *See* Scheduling Order (ECF No. 47), Order (ECF No. 82). To date, he has not requested an extension of the service deadline.

The court's order (ECF No. 34) directing service clearly explained the procedure for accomplishing service of process in this case within 90 days, *i.e.*, by April 9, 2018. The Attorney General timely complied with the court's order by identifying the names of the 20 NDOC defendants for whom the Attorney General accepted service, and the nine defendants for whom it did not. Notice Acceptance of Service (ECF No. 38); Notice of Sealed Submission of Last Known Address (ECF No. 40). The NDOC defendants also informed Tagle that "Howard," "Smith," and "Ward" could not be identified. Although Tagle's motions generally assert that his mail has been "tampered with" and he was unaware that nine defendants were unserved, his assertion is demonstrably false. Tagle filed a Response (ECF No. 42) to the NDOC defendants' Notice Acceptance of Service (ECF No. 38) on March 2, 2018. He did not request service on the unserved defendants in his response.

Furthermore, each court filing by defense counsel clearly indicated the 20 NDOC

3

defendants represented by the Attorney General.[1] Mr. Tagle specifically responded to multiple filings by defense counsel indicating which defendants were represented.[2] The procedural history of this case clearly indicates Tagle's awareness of which defendants were served and which were not. More importantly, Tagle has never requested an extension of the service deadline or shown good cause for his failure to accomplish service by the April 9, 2018 deadline. He never sought or received leave of the court to amend his complaint to add non-parties Renee Baker, Harold Byrne, and Sergeant Torsky as defendants. Yet he asks the court to issue summonses to these individuals. As the court has previously pointed out, "Mr. Tagle is no stranger to federal litigation in the District of Nevada. He has filed over 45 cases in this district in the past five years." Order (ECF No. 81) at 4 n.2 (collecting cases). Although he is not a lawyer, he has ample experience litigating cases in federal court. He requested and received an extension of the discovery deadline, but did not attempt to obtain summonses or serve the unserved defendants until nearly five months after the expiration of the service deadline. For these reasons, the motions are denied.[3]

**II.    MR. TAGLE'S REQUEST FOR DEFAULT AGAINST THE STATE OF NEVADA**

The Motion for Entry of Clerks Default (ECF No. 118) asks the court to enter default against the "State of Nevada, etal" [*sic*] based on the defendants' failure to plead or otherwise defend this action and due to the unbecoming conduct of the defense counsel. The Attorney General opposed this motion given the pleadings filed on behalf of the NDOC defendants and the vigorous defense of this case. Response (ECF No. 122). The NDOC Defendants filed their Answer (ECF No. 44) to the amended complaint on March 6, 2018. Tagle's motion lacks merit and is therefore denied.

Accordingly,

/ / /

/ / /

---

[1] *E.g.*, ECF Nos. 43, 44, 52, 55, 57, 59, 69, 70, 91, 94, 95, 99, 103, 104, 108, 109, 110, 117.
[2] *E.g.*, ECF Nos. 45, 61, 62, 74, 96, 102, 112.
[3] The court will separately enter an order to show cause as to why defendants Michael Anderson, "Howard," David Joseph, Anthony Lepak, Clark Marcy, Paulina Simmons, "Smith," Stacey Stark, and "Ward" should not be dismissed for Mr. Tagle's failure to accomplish service of process by the service deadline.

4

**IT IS ORDERED:** Plaintiff Victor Tagle's Motion for Issue of Summons (ECF No. 85), Motion for Service of USM 285 and Summons (ECF No. 116), Motion for Entry of Clerks Default (ECF No. 118), and Motion for Stamped Summons (ECF No. 120) are **DENIED**.

Dated this 22nd day of February, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE