UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE,<br><br>                Plaintiff,<br>   v.<br>MICHAEL ANDERSON, et al.,<br><br>                Defendants. | Case No. 2:16-cv-00757-JCM-PAL<br><br>**ORDER**<br><br>(Mot. Compel – ECF No. 95;<br>Mots. Strike –ECF Nos. 99, 132) |

This matter is before the court on the Motion Compel Discovery Responses (ECF No. 95) and Motions to Strike (ECF Nos. 99, 132) by defendants Jayson Artinger, Regina Barrett, Rebecca Boyd, Andrew Bulfer, Vance Crowder, Robert Douglas, Antonio Garcia, Terrel Gregory, Jonathan Hester, Salvatore Marino, Dean Ontiveros, Charles Pascascio, Alan Richardson, April Witter, Juan Zelaya, Joseph Dugan, Juan Sotomayor, Joshua Barfield, Julie Matousek, and Dwight Neven (jointly, the "NDOC Defendants"). These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

Plaintiff Victor Tagle is a pro se prisoner formerly in the custody of the Nevada Department of Corrections ("NDOC"). He was transferred to the Saguaro Correctional Center, a privately-run facility in Eloy, Arizona, pursuant to the Interstate Compact Agreement between NDOC and the Corrections Corporation of America. This case arises from Tagle's allegations, pursuant to 28 U.S.C. § 1983, that defendants violated his civil rights. The court determined that Tagle's Amended Complaint (ECF No. 8) states four plausible claims: (1) First Amendment mail violation, (2) denial of access to the courts, (3) due process violation for authorized, intentional deprivations of property, and (4) supervisory liability. Screening Order (ECF No. 23). The Nevada Office of the Attorney General ("Attorney General") accepted service on behalf of the NDOC defendants,

Notice of Acceptance of Service (ECF No. 38), and filed their Answer (ECF No. 44).

The court entered its standard scheduling order for civil rights actions filed by incarcerated pro se plaintiffs. Scheduling Order (ECF No. 47). Mr. Tagle requested an extension of the discovery deadlines. Pl.'s Mot. Extend Time (ECF No. 68). The court granted Tagle's request and extended discovery through October 16, 2018. Order (ECF No. 82). Based on pending motions regarding discovery and service of additional defendants, the NDOC defendants requested additional time to file a motion for summary judgment. Dec. 17, 2018 Defs.' Mot. Extend Time (ECF No. 110). To preserve resources and streamline this litigation, the district judge granted the motion and ordered the NDOC defendants to file their summary judgment motion within "thirty (30) days after the court resolves the pending discovery-related motions." Order (ECF No. 111).

On September 24, 2018, Mr. Tagle submitted a 12-page document tiled "Answer to Defendants' First Set of Requests" (ECF No. 92-1) along with a 131-page attachment (ECF No. 92-2) of discovery materials. The Clerk of Court entered a minute order (ECF No. 92) returning Tagle's submission to pursuant to LR 26-8 of the Local Rules of Practice. The minute order stated, "Unless the court orders otherwise, written discovery, including discovery requests, discovery responses, deposition notices, and deposition transcripts, must not be filed with the court." *Id.* A notice of electronic filing for the minute order, which attached Tagle's submission, was delivered via electronic mail to the Attorney General and standard postal service to Tagle.

## **DISCUSSION**

I.  **MOTION TO COMPEL (ECF NO. 95)**

On October 29, 2018, the NDOC defendants filed the Motion to Compel (ECF No. 95) regarding their first sets of interrogatories, Exs. C–V (ECF Nos. 95-3 – 95-22), requests for admissions, Ex. W (ECF No. 95-23), and requests for production of documents, Ex. X (ECF No. 95-24). The NDOC defendants assert that "Tagle has failed to respond to any of the Discovery requests" as of the date of filing. *Id.* at 2:9–10. During the parties meet-and-confer conference, Tagle stated that he had in fact responded and he filed his response with the court. However, he could not identify any ECF numbers for his discovery responses. Defense counsel claims that a "review of the docket from September 5, 2018 to the present (*i.e.*, ECF Nos. 89 to 94) does not

2

show that Tagle filed discovery responses with this Court." *Id.* at 2:20–21. Tagle did not respond to the NDOC defendants' motion before the November 12, 2018 deadline.[1]

Parties and their counsel should strive to be cooperative, practical, and sensible during discovery, and should only seek judicial intervention "in extraordinary situations that implicate truly significant interests." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d. 1137, 1145 (D. Nev. 2015) (citation omitted). "Discovery is supposed to proceed with minimal involvement of the Court." *Id.* A motion to compel discovery materials may only be filed when a discovery request has been timely served, the opposing party has not responded or has inadequately responded, and the moving party has attempted in good faith to resolve any dispute about the adequacy of the discovery responses without the court's intervention. Fed. R. Civ. P. 37(a); LR 26-7. A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. *Id.* Each party is required to make every effort to reach a satisfactory resolution. *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993).

Here, it appears that counsel for the NDOC defendants overlooked Mr. Tagle's filing of a discovery response. The docket shows that Tagle filed an "Answer to Defendants First Set of Requests" on September 24, 2018, albeit by improperly sending the response to the court:

| 09/24/2018 | 92 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Peggy A. Leen on 9/24/2018. DISCOVERY DOCUMENTS: Unless the court orders otherwise, written discovery, including discovery requests, discovery responses, deposition notices, and deposition transcripts, must not be filed with the court. Your documents are returned herewith. See Local Rule 26-8. (Attachments: # 1 Answer to Defendant's First Set of Requests, # 2 Attachment)(Copies have been distributed pursuant to the NEF - ADR) Modified on 9/24/2018 to add order language (ADR). (Entered: 09/24/2018) |

ECF Nos. 92-1, 92-2. The receipt generated by the CM/ECF filing system on September 24, 2018, indicates a notice of electronic filing was delivered via electronic mail to three separate email addresses associated with the Attorney General, including that of defense counsel. Although Mr.

---

[1] On December 26, 2018, he filed a largely unreadable document titled "Answer to Hardcastle's motions/responses" (ECF No. 112). The court has previously warned Tagle against filing illegible hand-written documents: "Tagle is advised to make sure his filings are written clearly and legibly so that his positions may be fully understood. Any future illegible or unintelligible filings may be stricken from the court's docket without prejudice to resubmitting clear and readable filings. *See* LR IA 10-1(d)." Order (ECF No. 81). To the extent this filing is intended as a response to the motion to compel, it is untimely. The filing also fails to address the substance of this or any other defense motion. Rather, Mr. Tagle accuses the court and defense counsel of misconduct.

3

Tagle's refusal to serve his response to the Attorney General is not acceptable, so too is counsel's apparent failure read the court's notices of electronic filing or carefully inspect the docket prior to filing the motion, particularly after Tagle told counsel he filed his response with the court.

Mr. Tagle's Answer to Defendants First Set of Requests (ECF No. 92-1) is not responsive to the NDOC defendants' written discovery requests. In the document, he objects to the requests on meritless grounds. *Id.* at 2. First, Tagle objects to the NDOC defendants' instruction to send his answers back to the Attorney General based on previous problems with the mail; thus, it was sent to the court. *Id.* Tagle is not permitted by the Federal Rules of Civil Procedure[2] to deliver his discovery response to the court, instead of the Attorney General. Discovery requests must be served directly on opposing parties, who then have 30 days to serve a response directly on the requesting parties. *See* Fed. R. Civ. P. 34. The Local Rules of Civil Practice for this court prohibit parties from filing written discovery with the court: "Unless the court orders otherwise, written discovery, including discovery requests, [and] discovery responses … must not be filed with the court. *Originals of responses to written discovery requests must be served on the party who served the discovery request*…." LR 26-8 (emphasis added).

Mr. Tagle also objects that defense counsel's requests have become more demanding. ECF No. 92-1 at 2. He asks, "at what point am I required to answer all this ???. [*sic*]" *Id.* He therefore requests the court's instruction. With regard to the NDOC defendants' requests for admissions, Tagle refuses to answer on multiple grounds. He objects to the 30-day response time. He objects to counsel's citation to LR 26-5 and instruction to write out "Defendants' Requests for Admissions in their entirety, including the number of each request, and then write his answer." *Id.* He suggests the requests for admissions are improper as they are "not a set of questions, AKA: interrogatory, questionary, etc. [*sic*]" *Id.* These are only a few of his unfounded objections.

The court has reviewed the NDOC defendants' discovery requests and finds no misstatements of the Federal Rules or the Local Rules of Practice. Plaintiff objects to the volume of interrogatories. However, he sued a large number of individuals and each is entitled to serve

---

[2] All references to a "Rule" or the "Federal Rules" in this Order refer to the Federal Rules of Civil Procedure.

4

him with up to 25 interrogatories, Fed. R. Civ. P. 33(a)(1), though no defendant served more than 11 interrogatories and most served seven or less. The questions are narrowly tailored to the allegations in Tagle's Amended Complaint. Mr. Tagle's objections lack merit and are overruled.

In addition, with regard to the requests for production of documents, Tagle states that "he lacks of materials, means, 'et al.' " *Id.* Thus, if the NDOC defendants "have not been able to produce discovery on 6 months, even though they have everything at hand!, how do they spect me to produce his requests? None Sense, right?? [*sic*]" *Id.* Tagle objects to these "questions until he's ready to answer, discovery, & supplies provided!. [*sic*]" *Id.*

Mr. Tagle may not delay his discovery responses without the agreement of the requesting party or the court, and he certainly cannot do so indefinitely. Federal Rules 33, 34, and 36 each provide 30 days to serve discovery responses. When a party needs additional time to respond, he may simply ask opposing counsel to extend the response deadline as a courtesy. Rule 16(b) requires the court to enter a scheduling order that limits the to complete discovery.[3] If Tagle has no documents responsive to defendants' requests other than what he has received from defendants he must serve a response stating this. If he has documents and does not disclose them, he will be precluded from using any undisclosed documents at hearing, in motion practice or at trial except those used for impeachment. He is not permitted by the Federal Rules to delay his responses until he believes he is ready.

Mr. Tagle's failure to respond to the requests for admissions within 30 days means the requests are deemed admitted by operation of law. Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). A party who is deemed to have admitted matters for failure to timely respond is bound by the admissions unless he receives relief from the court under Rule 36(b).

Additionally, Mr. Tagle may not condition his response on defendants providing him with

---

[3] The objectives of Rule 16(b) include: (i) expediting the disposition of the action; (ii) establishing early and continuing control so that the case will not be protracted based on lack of management; (iii) discouraging wasteful pretrial activity; (iv) improving the quality of the trial through more thorough preparation; and (v) facilitating the settlement of the case. Fed. R. Civ. P. 16(b).

supplies. The Supreme Court has held that an inmate's constitutional right of access to courts does not impose "an affirmative obligation on the states to finance and support prisoner litigation." *Lewis v. Casey*, 518 U.S. 343, 384 (1996). Likewise, nothing in the Federal Rules or Ninth Circuit case law require defendants or the courts to finance or subsidize fees and costs associated with prosecuting a civil action. *See*, *e.g.*, *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (finding that "28 U.S.C. § 1915, the *in forma pauperis* statute, does not waive payment of fees or expenses for witnesses") (citing *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989)); *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Tagle is responsible for the cost of litigating this case.

The motion to compel is granted. The court will compel Mr. Tagle to serve answers to the NDOC defendants' interrogatories and requests for production of documents on the Deputy Attorney General who has appeared as counsel of record by **April 15, 2019**. Tagle is warned that he will be precluded from using any materials as evidence in connection with dispositive motions or at trial, except for impeachment, unless those materials were timely disclosed in discovery. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

**II.    MOTIONS TO STRIKE (ECF NOS. 99, 132)**

The NDOC defendants have filed Motions to Strike (ECF Nos. 99, 132) documents filed by Tagle titled "Affidavit in Regard to Hardcastle's <u>Frauds</u>!" (ECF No. 97) and "Affidavit in Regard Hardcastle" [*sic*] (ECF No. 123). The NDOC defendants assert that Tagle's affidavits contain unsubstantiated allegations that lack legal support or authority. The motions argue the affidavits are fugitive documents because they are not permitted by any court order, Local Rule, or Federal Rule of Civil Procedure, and do not specifically move the court an order for relief. The affidavits do not properly respond to any documents the NDOC defendants filed. Thus, the NDOC defendants ask the court to strike the affidavits as impertinent, fugitive documents. *See* Defs.' Reply (ECF No. 141).

The court has considered Mr. Tagle's Response (ECF No. 102) to the first-filed motion to strike, in which he argues that the allegations in his affidavit (ECF No. 97) are "not frivolous

accusations." *Id.* at 2. Defense counsel has caused him hardship. Numerous judges in this district have dismissed his cases "under <u>ludicrous</u> reasons." *Id.* He asserts that he "has <u>just only started</u> to muster a few pieces of evidence" against defense counsel. *Id.*

"It is well established that district courts have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quotation omitted). This includes the power to strike improperly filed items from the docket. *See, e.g.*, *id.* at 404–05; *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586–87, 588 (9th Cir. 2008). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate … conduct." *Adobe Sys. Inc. v. Christenson*, 891 F. Supp. 2d 1194, 1201 (D. Nev. 2012).

The Local Rules of Practice also permit the court to strike unsanctioned filings from its docket. LR IA 7-1 ("The court may strike any case-related correspondence filed in the court's docket that is not styled as a motion, stipulation, or notice."); LR IC 7-1 ("The court may strike documents that do not comply with these rules."). When a party seeks relief from the court, the Local Rules of Civil Practice allow only the filing of a motion, response, and reply. *See* LR 7-2. Any filing that is not permitted by Local Rule or court order "is a fugitive document and must be stricken from the record." *Tagle v. Bean*, 2:15-cv-01402-JAD-VCF, Order (ECF No. 120) (granting multiple motions to strike Tagle's fugitive affidavits), 2017 U.S. Dist. LEXIS 75922, at *9 (D. Nev. May 18, 2017).

Mr. Tagle's affidavits (ECF Nos. 97, 123) are not one of the filings permitted by the Federal Rules of Civil Procedure or the Local Rules of Practice. Thus, his filings are fugitive documents and cannot form any part of the record that this court may properly consider. Tagle has been warned against submitting duplicative and frivolous documents in this case and others.[4] The court has also granted numerous motions to strike his fugitive documents in at least one previous case. *Tagle v. Bean*, 2:15-cv-01402-JAD-VCF, Orders (ECF Nos. 120, 124, 149, 202). A review of the docket in this case reveals that Tagle has filed multiple fugitive affidavits. ECF

---

[4] *See, e.g.*, *Tagle v. State of Nevada*, 2:15-cv-00216-JCM-PAL; *Tagle v. State of Nevada*, 2:15-cv-00623-APG-GWF; *Tagle v. Clark County*, 2:15-cv-00881-JCM-PAL; *Tagle v. Bean*, 2:15-cv-01402-JAD-VCF; *Tagle v. State of Nevada*, 2:15-cv-02082-JCM-VCF; *Tagle v. State of Nevada*, 2:15-cv-02143-RFB-CWH.

Nos. 98, 101, 125.  As such, the Clerk of Court will be instructed to strike these affidavits.

Accordingly,

**IT IS ORDERED:**

1. Defendants' Motion Compel (ECF No. 95) is **GRANTED**.
2. Defendants' Motions to Strike (ECF Nos. 99, 132) are **GRANTED**.
3. Plaintiff Victor Tagle shall serve answers to the NDOC defendants' interrogatories and responses to their requests for production of documents on the Deputy Attorney General who has appeared as counsel of record in this case no later than **April 15, 2019**.
4. The Clerk of Court shall **STRIKE** plaintiff Victor Tagle's affidavits (ECF Nos. 97, 98, 101, 123, 125) from the court's docket.
5. Now that all discovery-related motions in this case have been resolved:
    a. Motions for summary judgment shall be filed and served no later than **May 16, 2019**.
    b. The parties shall file a joint pretrial order 30 days after the district judge enters a decision on motions for summary judgment.

Dated this 19th day of March, 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE