UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VICTOR TAGLE,<br><br>              Plaintiff,<br>v.<br>MICHAEL ANDERSON, et al.,<br><br>              Defendants. | Case No. 2:16-cv-00757-JCM-PAL<br><br>**ORDER**<br>**- AND -**<br>**REPORT OF FINDINGS AND**<br>**RECOMMENDATION**<br><br>(Mots. – ECF Nos. 137, 145, 153) |

Before the court are Plaintiff Victor Tagle's Motion to Extend Time (ECF No. 137), Motion to Expedite Service (ECF No. 145), and Motion for Entry of Clerk's Default (ECF No. 153). Also before the court are Tagle's Responses (ECF Nos. 135, 136) to the court's Order to Show Cause (ECF Nos. 131, 133) ("OSC").[1] These motions and OSC responses are referred to me pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

## **BACKGROUND**

Mr. Tagle is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") and currently housed at the Saguaro Correctional Center, a privately-run facility in Eloy, Arizona. This case arises from his allegations of civil rights violations pursuant to 28 U.S.C. § 1983. Tagle has received permission to proceed *in forma pauperis* ("IFP") in this case. He has an extensive history of filing civil actions in this district that are either frivolous or insufficiently pled.[2] As a

---

[1] The OSC was mistakenly entered twice. The two filings are substantively identical except for the deadlines provided for Tagle's response. Thus, the court only refers to one OSC. Tagle filed two Responses (ECF Nos. 135, 136) to the OSC. The court has considered both.

[2] Mr. Tagle has filed more than 53 civil rights lawsuits in this district since 2013. On at least three occasions, the court has dismissed civil actions that Tagle commenced while incarcerated as frivolous or for failure to state a claim upon which any relief may be granted. *See Tagle v. State of Nevada, et al.*, 2:15-cv-02083-RCJ-GWF (D. Nev. Apr. 21, 2016) (dismissed for failure to state a claim); *Tagle v. State of Nevada, et al.*, 2:15-cv-02358-MMD-PAL (D. Nev. May 20, 2016) (dismissed for maliciousness and failure

1

result, he is now ineligible for IFP status unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Mr. Tagle commenced this action in April 2016 by filing an IFP Application (ECF No. 1) and proposed Complaint (ECF No. 1-1). He filed an Amended Complaint (ECF No. 8) several months later. Based on Tagle's litigation history, the court denied his IFP application and ordered him to pay the full $400 filing fee within 30 days, otherwise this action would be dismissed. Order (ECF No. 9). He did not pay the filing fee; thus, the case was dismissed in January 2017. Order (ECF No. 12). Tagle appealed. The Ninth Circuit reversed the dismissal because three prior dismissals were improperly counted as strikes since those cases were dismissed after Tagle filed this action. ECF Nos. 17, 18. This case was therefore remanded to the district court.

Upon remand, the court reviewed the amended complaint in October 2017 and determined that it states four plausible claims: (1) First Amendment mail violation, (2) denial of access to the courts, (3) due process violation for authorized, intentional deprivations of property, and (4) supervisory liability. Screening Order (ECF No. 23). The case was stayed for 90 days to allow the parties an opportunity to settle their dispute through the Inmate Early Mediation Program before the filing of an answer or starting the discovery process. *Id*.; Order Setting Inmate Early Mediation Conference (ECF No. 28). Two NDOC representatives appeared for the mediation on December 22, 2017, but Mr. Tagle refused to leave his cell to participate telephonically. Mins. of Proceedings (ECF No. 33). Since the mediation did not occur, the case was returned to the normal litigation track. *Id*.

On January 5, 2018, the court entered an Order (ECF No. 34) ("service order") directing Tagle to serve the amended complaint within 90 days pursuant to Rule 4 of the Federal Rules of Civil Procedure.[3] *Id.* at 2, ¶ 5. This set a deadline of April 9, 2018, for Tagle to complete service

---

to state a claim); *Tagle v. State of Nevada et al.*, 2:16-cv-00852-JAD-VCF (D. Nev. Nov. 16, 2016) (dismissed for maliciousness and failure to state a claim); *Tagle v. Corrections Corp. of America, et al.*, 2:18-cv-00872-JAD-PAL (D. Nev. July 9, 2018) (noting that Tagle is ineligible to proceed IFP with an extensive history of filing malicious or insufficiently pled civil actions in this court, and dismissing for failure to pay full filing fee), *aff'd*, No. 18-16373 (9th Cir. Dec. 18, 2018) (unpublished). In the last year since his transfer to the Saguaro Correctional Center, he has filed another three in the District of Arizona.

[3] Any reference to a "Rule" or the "Federal Rules" in this order refer to the Federal Rules of Civil Procedure.

2

of process on all defendants. The service order also directed electronic service of the amended complaint on the Nevada Office of the Attorney General ("Attorney General") and instructed that a notice be filed with the court indicating the names of the defendants for whom the Attorney General accepted service, and those it did not. *Id.* at 2–3. If there were any named defendants for which the Attorney General could not accept service, the court ordered that the last known address(es) of those defendant(s) for whom it has such information be filed under seal, but not served on Tagle. *Id*. The order also instructed:

> If service cannot be accepted for any of the named defendant(s), **Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons**, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

*Id*. at 2–3, ¶ 7 (emphasis added).

The Attorney General accepted service on behalf of defendants Artinger, Barrett, Boyd, Bulfer, Crowder, Douglas, Garcia, Gregory, Hester, Marino, Ontiveros, Pascascio, Richardson, Witter, Zelaya, Dugan, Sotomayor, Barfield, Matousek, and Neven (jointly, the "NDOC Defendants"). Notice Acceptance of Service (ECF No. 38). Service was *not* accepted for defendants Michael Anderson, David Joseph, Anthony Lepak, Clark Marcy, Paulina Simmons, Stacey Stark, Smith, Howard, and Ward ("unserved defendants"). *See* Notice of Sealed Submission (ECF No. 40); Sealed Submission of Last Known Address (ECF No. 39). The Attorney General also stated it had no record of a current or former employee named (i) "Howard" that is/was a correctional officer at Ely State Prison, (ii) "Smith" that is/was a law library supervisor at Southern Desert Correctional Center, or (iii) "Ward" that is/was a correctional officer at High Desert State Prison. Notice (ECF No. 38). As a result, their last known address information could not be filed with the court.

The NDOC Defendants filed their Answer (ECF No. 44) in early March 2018. The court then entered its standard scheduling order for civil rights actions filed by incarcerated pro se plaintiffs. Scheduling Order (ECF No. 47). Mr. Tagle requested an extension of the discovery deadlines. Mot. Ext. Time (ECF No. 68). The court granted the request and extended discovery

through October 16, 2018. Order (ECF No. 82). Tagle filed numerous discovery motions,[4] all of which were frivolous and failed to comply with the Federal Rules or Local Rules of Practice for this district. Orders (ECF Nos. 81, 129, 130).

For five months after entry of the service order, Mr. Tagle did not file a motion requesting issuance of a summons to any unserved defendant or file proof of service for the unserved defendants. In September 2018 and January 2019, Tagle filed a Motion for Issue of Summons (ECF No. 85), Motion for Service of USM 285 and Summons (ECF No. 116), and Motion for Stamped Summons (ECF No. 120). The motions requested issuance of summonses for the unserved defendants, as well as three non-parties, Renee Baker, Harold Byrne, and Sergeant Torsky. ECF No. 116 at 6–25; ECF No. 120 at 3–35.

The court denied Tagle's motions on February 22, 2019. Order (ECF No. 129). The order explained that Tagle failed to comply with the service order by requesting issuance of summonses as to any unserved defendant before the April 9, 2018 service deadline. *Id.* at 3. The court found that the service order "clearly explained the procedure for accomplishing service of process" by April 9, 2018. *Id.* Although he requested an extension of discovery, he did not request an extension of the service deadline. *Id.* The court further found:

> Although Tagle's motions generally assert that his mail has been "tampered with" and he was unaware that nine defendants were unserved, his assertion is demonstrably false. Tagle filed a Response (ECF No. 42) to the NDOC defendants' Notice Acceptance of Service (ECF No. 38) on March 2, 2018. He did not request service on the unserved defendants in his response.
>
> Furthermore, each court filing by defense counsel clearly indicated the 20 NDOC defendants represented by the Attorney General.[5] Mr. Tagle specifically responded to multiple filings by defense counsel indicating which defendants were represented.[6] The procedural history of this case clearly indicates Tagle's awareness of which defendants were served and which were not. More importantly, Tagle has never requested an extension of the service deadline or shown good cause

---

[4] *See* Motion for Early Mediation Conference (ECF No. 41), Motion/Affidavit for Destruction of Records (ECF No. 49), Motion to Demand Discovery and Protection (ECF No. 51), Motion to Obtain Discovery Protection and Transfer to Federal Facilities (ECF No. 54), Motion Request for Issue of Discovery (ECF No. 56), Motion for Discovery (ECF No. 58), Motion to be Removed (ECF No. 64), Motion to Produce Discovery (ECF No. 66), Affidavit/Motion for Discovery (ECF No. 72), Motion for Discovery (ECF No. 76), Motion for Transfer of Facility (ECF No. 77). Motion to be Removed from Facilities (ECF No. 86), Motion to Demand Discovery (ECF No. 87), Motion for Audio (ECF No. 100), Motion for Investigation and Authorities Intervention (ECF No. 121).

[5] *E.g.*, ECF Nos. 43, 44, 52, 55, 57, 59, 69, 70, 91, 94, 95, 99, 103, 104, 108, 109, 110, 117.

[6] *E.g.*, ECF Nos. 45, 61, 62, 74, 96, 102, 112.

4

> for his failure to accomplish service by the April 9, 2018 deadline. He never sought or received leave of the court to amend his complaint to add non-parties Renee Baker, Harold Byrne, and Sergeant Torsky as defendants. Yet he asks the court to issue summonses to these individuals. As the court has previously pointed out, "Mr. Tagle is no stranger to federal litigation in the District of Nevada. He has filed over 45 cases in this district in the past five years." Order (ECF No. 81) at 4 n.2 (collecting cases). Although he is not a lawyer, he has ample experience litigating cases in federal court. He requested and received an extension of the discovery deadline, but did not attempt to obtain summonses or serve the unserved defendants until nearly five months after the expiration of the service deadline. For these reasons, the motions are denied.

*Id.* at 3–4.[7]

That same day, the Clerk of Court issued a Notice of Intent to Dismiss (ECF No. 127) pursuant to Rule 4(m). The Notice warned Tagle this action would be dismissed without prejudice as to any unserved party(ies) unless proof of service is filed by March 24, 2019. In addition, the court entered an OSC (ECF Nos. 131, 133) instructing Tagle to show cause, in writing, why the unserved defendants should not be dismissed for failure to timely serve these defendants.

In his Responses (ECF Nos. 135, 136) to the OSC, Tagle claims he "sent the summonses," including USM-285 forms, to the court on five dates: December 20, 2018, and January 2, January 17, February 28, and March 5, 2019. ECF No. 135. He further states, "your Honor, respectfully Please: OPEN YOUR EYES!" ECF No. 136 (emphasis in original). He argues that counsel for the NDOC Defendants have "sabotaged" his mail. *Id.* He requests the court's intervention and a "transfer to federal facilities... AT ONCE." *Id.*

In addition to his OSC Responses, Tagle filed a motion requesting an extension of time regarding summonses. ECF No. 137. He repeats his assertion that he "has sent '5 times the summonses' since: 12/20/18, 1/2/19, 1/17/19, 2/28/19 and now 3/7/19," but the court has not received them. *Id.* He also filed a motion asking the court to "expedite service." ECF No. 145. He requests summons for the unserved defendants as well as the three non-parties included in his previous requests, Renee Baker, Harold Byrne, and Sergeant Torsky, which the court denied. He asks for an "extension of time until said defendants have been served." *Id.* at 3. He states that he is "unable to provide names & whereabouts," but it "would take a flick of the finger for the Court

---

[7] The court also denied Tagle's Motion Entry of Clerks Default (ECF No. 118) against the State of Nevada based on a purported failure to defend this action and defense counsel's "unbecoming conduct," finding that the motion lacked merit.

& USM to find the defendants." *Id.* Most recently, he filed a motion requesting entry of default "based on the defendant's behavior." ECF No. 153 at 2.

## **DISCUSSION**

"Service of process" is the legal term describing a formal delivery of documents giving the defendant notice of a pending lawsuit. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988). Rule 4 governs service of process in federal courts. *Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017). Federal courts lack personal jurisdiction over a defendant unless he or she has been properly served with process in accordance with Rule 4. *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013). As such, strict compliance with the rules governing manner of service is required. *See*, *e.g.*, *Murphy Bros.*, *Inc. v. Michetti Pipe Stringing*, *Inc.*, 526 U.S. 344, 347 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.").

In cases involving an incarcerated pro se plaintiff proceeding *in forma pauperis*, the U.S. Marshal Service ("USM") will serve the summons and the complaint upon order of the court. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). However, the plaintiff "must request service of the summons and complaint by court officers before the officers will be responsible for effecting such service." *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991). In addition, the plaintiff is still responsible for providing the USM with information necessary to locate each defendant to be served. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995).

Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). A court may dismiss an action without prejudice if the summons and complaint are not timely served on a defendant. *Id.*; *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). However, Rule 4(m) requires the court to extend the time for service if a plaintiff shows good cause for the failure to timely serve. *Id.* As a general matter, "good cause"

& USM to find the defendants." *Id.* Most recently, he filed a motion requesting entry of default "based on the defendant's behavior." ECF No. 153 at 2.

## **DISCUSSION**

"Service of process" is the legal term describing a formal delivery of documents giving the defendant notice of a pending lawsuit. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988). Rule 4 governs service of process in federal courts. *Whidbee v. Pierce County*, 857 F.3d 1019, 1023 (9th Cir. 2017). Federal courts lack personal jurisdiction over a defendant unless he or she has been properly served with process in accordance with Rule 4. *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013). As such, strict compliance with the rules governing manner of service is required. *See*, *e.g.*, *Murphy Bros.*, *Inc. v. Michetti Pipe Stringing*, *Inc.*, 526 U.S. 344, 347 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.").

In cases involving an incarcerated pro se plaintiff proceeding *in forma pauperis*, the U.S. Marshal Service ("USM") will serve the summons and the complaint upon order of the court. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). However, the plaintiff "must request service of the summons and complaint by court officers before the officers will be responsible for effecting such service." *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991). In addition, the plaintiff is still responsible for providing the USM with information necessary to locate each defendant to be served. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995).

Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). A court may dismiss an action without prejudice if the summons and complaint are not timely served on a defendant. *Id.*; *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). However, Rule 4(m) requires the court to extend the time for service if a plaintiff shows good cause for the failure to timely serve. *Id.* As a general matter, "good cause"

requires more than inadvertence, mistake, or ignorance of the procedural rules, even where a party appears pro se. *Martin v. Longbeach*, 246 F.3d 674 (9th Cir. 2000); *Kocsis v. Delta Air Lines, Inc.*, 963 F. Supp. 2d 1002, 1011 (D. Haw. 2013). This is so because Rule 4(m) "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action." *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985); *see also United States ex rel. DeLoss v. Kenner General Contractors, Inc.*, 764 F.2d 707, 710 (9th Cir. 1985) (half-hearted efforts to effect service of process do not excuse failure to comply with Rule 4(m)).

Here, Tagle failed to serve nine defendants before the expiration of the service deadline on April 9, 2018. The service order clearly explained the procedure for accomplishing service of process. He timely requested and received an extension of the scheduling order's deadlines, but did not seek an extension of time to complete service until 11 months after the deadline expired. Tagle filed more than a dozen motions seeking relief from the court, yet he failed to request issuance of summons until five months after the deadline expired. Tagle received numerous court filings by the NDOC defendants, which show the names of the individuals represented by the Attorney General. He responded to their filings and submitted many of his own. In fact, Tagle filed a Response (ECF No. 42) to the NDOC defendants' Notice Acceptance of Service. Thus, he was contemporaneously aware of the status of service but failed to follow the service order's instructions.

To date, Tagle has not provided the court with any reason why he could not accomplish service before the April 2018 deadline. Although Tagle is an incarcerated plaintiff proceeding pro se, and such litigants are generally treated with liberality, *Waters v. Young,* 100 F.3d 1437, 1441 (9th Cir. 1996), a pro se litigant must still follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that "*pro se* litigants are bound by the rules of procedure"); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). His motions and OSC responses do not show good cause or excusable neglect for his lack of diligence in accomplishing service. *See* Fed. R. Civ. P. 16, LR IA 6-1, LR 26-4. The court therefore recommends that the unserved defendants be dismissed from this action under Rule 4(m).

Accordingly,

**IT IS ORDERED:** Plaintiff Victor Tagle's Motion to Extend Time (ECF No. 137), Motion to Expedite Service (ECF No. 145), and Motion for Entry of Clerk's Default (ECF No. 153) are **DENIED**.

**IT IS RECOMMENDED:** Defendants Michael Anderson, David Joseph, Anthony Lepak, Clark Marcy, Paulina Simmons, Stacey Stark, Smith, Howard, and Ward **be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 26th day of April, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.