UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE, <br><br> Plaintiff, <br> v. <br> MICHAEL ANDERSON et al., <br><br> Defendants. | Case No. 2:16-cv-00757-JCM-BNW <br><br> ORDER |

Presently before the court is defendants Jayson Artinger, Joshua Barfield, Regina Barrett, Rebecca Boyd, Andrew Bulfer, Vance Crowder, Robert Douglas, Joseph Dugan, Antonio Garcia, Terrel Gregory, Jonathan Hester, Salvatore Marino, Julie Matousek, Dwight Neven, Dean Ontiveros, Charles Pascascio, Alan Richardson, Juan Sotomayor, April Witter, and Juan Zelaya's (collectively "served defendants") motion for summary judgment. (ECF No. 162). Plaintiff Victor Tagle filed a response (ECF No. 167), to which the served defendants replied (ECF No. 168).

Also before the court is Magistrate Judge Peggy A. Leen's report and recommendation. (ECF No. 156). Plaintiff filed an objection. (ECF No. 160). The relevant individual defendants have not been served and were unable to file a response.

## I.   Facts

This is a prisoner civil rights case pursuant to 28 U.S.C. § 1983. *See* (ECF No. 23). Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), proceeds *pro se* and *in forma pauperis*. (ECF Nos. 1, 8).

Plaintiff alleges that defendants, who are NDOC employees, violated his constitutional rights by (1) refusing to deliver, send, and receive his mail; (2) refusing to mail his habeas corpus petition to the court; (2) removing or altering documents from plaintiff's outgoing mail to the court; (3) removing plaintiff's legal work from his boxes; (4) confiscating discovery materials; and (5) destroying legal boxes and mail in plaintiff's cell. (ECF No. 23).

On April 5, 2016, plaintiff initiated this action. (ECF No. 1). In the amended complaint, plaintiff asserts four causes of action: (1) interference with mail in violation of the First Amendment; (2) denial of access in violation of the First Amendment; (3) violation of the Due Process Clause of the Fourteenth Amendment; and (4) supervisory liability. *See* (ECF No. 23).

On April 13, 2018, the parties commenced discovery. (ECF No. 47). After nearly a year, the parties were unable to produce documents showing that plaintiff filed grievances for the constitutional violations that plaintiff alleges in his amended complaint. *See* (ECF Nos. 162, 167). Now, the served defendants move for summary judgment. (ECF No. 162).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a

2

directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all

3

justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. Discussion

The court first notes that the parties have collectively filed three supplemental briefs without first obtaining the court's leave. (ECF Nos. 164, 166, 169). Because surreplies "are not permitted without leave of court[,]" the court will strike the supplemental briefs. LR 7-2(b).

The served defendants argue that the court does not have jurisdiction to adjudicate this action because plaintiff has not exhausted remedies. (ECF No. 162). The court agrees.

The Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The "exhaustion requirements applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002).

The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). This means that an inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issues." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 90). Proper exhaustion also "demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford*, 548 U.S. at 90–91.

Administrative Regulation ("AR") 740 governs the grievance process at NDOC institutions. Inmates must file grievances for alleged civil rights violations within six months of the alleged violation. AR 740.05(8). Failure to timely submit a grievance constitutes abandonment of the corresponding claims. *Id*.

The record before the court does not contain any evidence showing that plaintiff filed grievances for events which occurred years ago. *See* (ECF No. 162, 167). Therefore, plaintiff did not follow AR 740 and failed to exhaust his claims pursuant to the PLRA. The court will

4

accordingly enter summary judgment in favor of the defendants. *See Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56.").

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the served defendants' motion for summary judgment (ECF No. 162) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Magistrate Judge Leen's report and recommendation (ECF No. 156) be, and the same hereby is, REJECTED as moot.

IT IS FURTHER ORDERED that plaintiff's surreplies and the served defendants response (ECF Nos. 164, 166, 169) be, and the same hereby are, STRICKEN.

The clerk shall enter judgment accordingly and close the case.

DATED June 26, 2019.

_____
UNITED STATES DISTRICT JUDGE